


**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| **Plaintiff**<br><br>Mr. Edward Nance,<br><br><br>v.<br><br><br>**Defendant** | Case Number:<br><br>1:25-cv-14601<br>Judge John Robert Blakey<br>Magistrate Judge Daniel P. McLaughlin<br>RANDOM CAT 2 |

People's Gas; WEC Energy Group; all supervisors,
agents, officers, employees, responsible management officials;
and The Audit and Oversight Committee of the
WEC Energy Group Board of Directors,

**Claim of Damages for Race-Based Harassment, Hostile Work Environment, Retaliation, and Religious Discrimination**
**Action Brought Under: Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 1981; 42 U.S.C. § 1983; First, Fourth, and Fifth Amendments**
**(verified) HEARING DEMANDED**

**Preamble / Preliminary Statement**

Plaintiff, Mr. Edward Nance (hereinafter Plaintiff), brings this civil action for damages and injunctive relief against Defendants for unlawful race discrimination, racial harassment, hostile work environment, retaliation, religious discrimination, disability discrimination, veteran discrimination, and trespass upon federally protected rights. Plaintiff is an Honorably discharged Service-Connected Disabled veteran of the United States Army. Plaintiff was subjected to a racist video sent by a People's Gas crew leader. Plaintiff found the video degrading, offensive, and emotionally disturbing. When Plaintiff reported the conduct to the union and the WEC Energy Group Confidential EthicsLine, Defendants began searching for reasons to discipline him and ultimately retaliated by imposing a recent ten (10) day suspension based on manufactured claims, followed by approximately five months of ongoing hostility, scrutiny, and retaliatory treatment. Plaintiff seeks ten million 00/100 United States dollars ($10,000,000.00) in damages.

**Jurisdictional Allegations**

1 This case arises under Title VII, 42 U.S.C. §1981, 42 U.S.C. §1983, USERRA, and the First, Fourth, and Fifth Amendments.

2 Defendants operate in Illinois as a regulated public utility and are subject to federal employment discrimination laws.

3 This Court has jurisdiction under 28 U.S.C. §§1331 and 1343.

4 Venue is proper in the Northern District of Illinois.

5 Plaintiff received EEOC Right to Sue Notice No. 440-2025-06786 on September 2, 2025 and files within the ninety-day period.

**General Factual Allegations**

6 Plaintiff is a Black man protected under Title VII and 42 U.S.C. §1981.

7 Plaintiff is an Honorably discharged Service-Connected Disabled veteran of the United States Army, protected under USERRA.

8 Plaintiff is a Christian with sincerely held religious beliefs requiring dignity, fairness, and a workplace free from hostility.

9 Plaintiff was actively recruited by WEC Energy Group/People's Gas beginning in August 2022.

10 Plaintiff entered a formal training pipeline including academic coursework, technical certification, safety training, and suitability evaluations.

11 Plaintiff completed a six-month educational program at a local university for People's Gas recruits.

12 Plaintiff completed a required four-week internship with People's Gas.

13 Plaintiff was officially hired on March 8, 2023.

14 Plaintiff completed a six-month probationary period.

15 Plaintiff's full vetting and training process lasted more than thirteen (13) months.

16 Plaintiff performed all job duties satisfactorily and had no issues prior to reporting discrimination.

17 A People's Gas crew leader sent a racist video containing racially derogatory content to the entire work crew, including Plaintiff.

18 Plaintiff was shocked, offended, and emotionally harmed by the racist video.

19 Plaintiff attempted to report the misconduct to union representatives.

20 Plaintiff filed a complaint with the WEC Energy Group Confidential EthicsLine (888-536-1499).

21 WEC Energy Group maintains written Anti-Harassment, Human Rights, and Non-Retaliation policies.

22 These policies prohibit racial jokes, discriminatory conduct, retaliation, intimidation, and harassment.

23 The Audit and Oversight Committee of the WEC Energy Group Board of Directors oversees ethics enforcement and compliance.

24 Defendants failed to investigate the racist incident and failed to discipline the responsible employee.

25 Defendants failed to provide Plaintiff protection, support, or corrective action, leaving him exposed to retaliation.

26 Defendants retaliated against Plaintiff for reporting discrimination.

27 Plaintiff was recently suspended for ten (10) days, and this suspension was the direct result of Defendants searching for reasons to discipline him in retaliation for the protected report he made back in March. Plaintiff is currently pursuing a formal grievance challenging the false and manufactured claims Defendants are attempting to use against him as of today.

28 Defendants subjected Plaintiff to approximately five months of hostility, intimidation, and retaliation.

29 Defendants refused to pay Plaintiff for time missed due to anxiety, emotional distress, and psychological harm caused by the situation, despite Plaintiff being treated by two licensed psychologists over a two-month period.

30 Two days after returning to work, Plaintiff was directed to undergo an unpaid mandatory referral lasting approximately thirty (30) days.

31 During this period Plaintiff was evaluated by a company-appointed psychiatrist.

32 After returning from the mandatory referral, Plaintiff was placed under heightened scrutiny and required to attend weekly panel meetings with management.

33 Plaintiff was subjected to continuous investigations, interviews, and oversight for nearly five months.

34 The prolonged scrutiny and retaliatory treatment ultimately resulted in a ten (10) day unpaid suspension/layoff.

35 Plaintiff's Christian beliefs were disrespected, and the hostile environment violated his religious dignity and spiritual well-being.

36 Plaintiff suffered emotional distress, anxiety, humiliation, financial loss, reputational harm, and injury to his religious and personal integrity.

37 All injuries were directly caused by Defendants' discriminatory and retaliatory conduct.

### Count One: Race Discrimination (Title VII; 42 U.S.C. §1981)

Plaintiff realleges all foregoing allegations as if fully set forth herein.

38 Plaintiff belongs to a protected class as an African-American man under Title VII and 42 U.S.C. §1981.
39 Plaintiff was subjected to a racist, derogatory video distributed by a People's Gas crew leader in the presence of the entire work crew, which constitutes direct evidence of racial animus.
40 Following Plaintiff's objection and his protected report, Defendants began manufacturing disciplinary allegations, issuing unwarranted scrutiny, initiating repeated investigative meetings, and imposing a ten (10) day suspension.
41 Similarly situated non-Black employees were not subjected to comparable discipline or retaliatory treatment after reporting misconduct.
42 Defendants' intentional failure to investigate the racist conduct while instead targeting Plaintiff reflects differential treatment based on race.
43 Defendants' discriminatory actions affected the terms, conditions, benefits, and privileges of Plaintiff's employment.
44 As a direct result of Defendants' race-based actions, Plaintiff suffered economic losses, emotional distress, humiliation, and damage to his professional reputation.

Wherefore Plaintiff seeks judgment against Defendants for compensatory damages, punitive damages, back pay, front pay, and all relief permitted under Title VII and 42 U.S.C. §1981.

### Count Two: Hostile Work Environment (Title VII; 42 U.S.C. §1981)

Plaintiff realleges all foregoing allegations as if fully set forth herein.

45 Plaintiff was subjected to unwelcome racial harassment, including the distribution of an explicitly racist video by a supervisor or crew leader.
46 After Plaintiff attempted to report the incident, Defendants intensified the hostility through forced psychiatric evaluations, unpaid referrals, weekly panel interrogations, and the creation of a retaliatory paper trail intended to justify the eventual ten-day suspension.
47 The hostile environment persisted for approximately five months and was severe, pervasive, humiliating, and disruptive to Plaintiff's mental and emotional health.

48 The conduct was perpetrated by supervisory personnel, imputed to the employer under Title VII and §1981.
49 Defendants knowingly allowed the racially hostile environment to continue, refused to discipline the responsible employee, and instead targeted the victim.
50 Defendants' conduct unreasonably interfered with Plaintiff's work performance, imposed emotional injury, and created workplace conditions no reasonable employee should tolerate.
51 The hostile environment was both objectively and subjectively offensive and violated federal civil rights protections.

Wherefore Plaintiff seeks all compensatory damages, punitive damages, and injunctive relief preventing future harassment.

### Count Three: Retaliation (Title VII; 42 U.S.C. §1981)

Plaintiff realleges all foregoing allegations as if fully set forth herein.

52 Plaintiff engaged in protected activity by reporting racial discrimination to the union and the WEC Energy Group Confidential EthicsLine.
53 Immediately after his protected report, Defendants began a pattern of adverse retaliatory actions, including:
a. forcing Plaintiff into unpaid mandatory referrals
b. compelling him to undergo psychiatric evaluations
c. refusing to pay him for medically-required psychological treatment time
d. placing him under heightened scrutiny
e. requiring weekly panel interrogations
f. initiating repeated investigations for manufactured claims
g. imposing a ten (10) day unpaid suspension
54 These retaliatory actions would dissuade a reasonable employee from making or supporting a discrimination complaint, satisfying the Burlington Northern standard.
55 Defendants had no legitimate, non-retaliatory reason for their conduct; the timing and escalation demonstrate clear causal connection.
56 Defendants' retaliation caused Plaintiff emotional distress, psychological harm, financial losses, and professional damage.

Wherefore Plaintiff seeks compensatory damages, punitive damages, injunctive relief, and all remedies available under Title VII and §1981.

### Count Four: Religious Discrimination (Title VII)

Plaintiff realleges all foregoing allegations as if fully set forth herein.

57 Plaintiff is a Christian with sincerely held religious beliefs requiring dignity, honesty, and equity in all professional environments.
58 The hostile environment, discriminatory conduct, forced psychological evaluations, and retaliatory suspension violated Plaintiff's religious peace, dignity, and moral integrity.

59 Plaintiff's religious identity was also targeted when Defendants ignored his objections rooted in religious conscience and declined to accommodate his spiritual need for a workplace free from humiliation and hostility.
60 Defendants created conditions that interfered with Plaintiff's ability to practice, maintain, or preserve his religious harmony in the workplace.
61 Defendants' discriminatory treatment modified the terms and conditions of Plaintiff's employment in violation of Title VII.

Wherefore Plaintiff seeks compensatory and punitive damages under Title VII.

### Count Five: Veteran Discrimination (USERRA)

Plaintiff realleges all foregoing allegations as if fully set forth herein.

62 Plaintiff is an Honorably discharged Service-Connected Disabled veteran of the United States Army, protected under USERRA.
63 USERRA prohibits employers from denying any benefit of employment, imposing discipline, or retaliating against veterans on the basis of military service or disability connected to service.
64 Defendants discriminated against Plaintiff by targeting him for unwarranted investigations, psychological referrals, unpaid leave, and suspension after learning of his disability and veteran status.
65 Defendants failed to provide reasonable consideration or accommodations related to Plaintiff's service-connected conditions.
66 Defendants' retaliatory and discriminatory conduct resulted in adverse employment actions, including forced mental health referrals, unpaid time, extended investigations, and a ten (10) day unpaid suspension.
67 The hostile and retaliatory conduct further aggravated Plaintiff's service-connected conditions, violating USERRA's protections.

Wherefore Plaintiff seeks reinstatement of lost benefits, compensatory damages, liquidated damages for willful violations, and all remedies permitted under USERRA.

### Count Six: Trespass Upon Rights Under Color of Law (42 U.S.C. §1983)

Plaintiff realleges all foregoing allegations as if fully set forth herein.

68 People's Gas operates under state-regulated public utility authority, combining corporate authority with state-derived power.
69 Defendants used this authority to interfere with Plaintiff's constitutionally protected rights, including due process, equal protection, and freedom from racial and retaliatory discrimination.
70 Defendants misused their regulatory power to impose adverse actions—mandatory referrals, unpaid suspensions, psychological evaluations, and retaliatory investigations—without neutral process, violating Plaintiff's constitutional rights.
71 Defendants acted jointly with union representatives, supervisors, and regulated corporate frameworks, bringing their conduct within color of law for §1983 liability.

72 Defendants' conduct constitutes a trespass upon Plaintiff's federal rights, causing emotional, financial, and constitutional injury.

Wherefore Plaintiff seeks monetary damages, declaratory relief, and any additional remedies permitted under 42 U.S.C. §1983.

Wherefore Plaintiff demands judgment against all Defendants in the amount of ten million dollars ($10,000,000.00), punitive damages, costs, and all additional relief this Court deems just.

Submitted by
/s/ Edward Nance
Pro Se

## Certificate of Service

I, Edward Nance certify that a copy of this Complaint has been sent to all Defendants by email, first-class mail, certified mail, or facsimile on this 30 day of November 2025.